UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SARAH ARCHBOLD and
DONALD W. MARVIN,

                Plaintiffs,

      v.                                  **DECISION AND ORDER**
                                            12-CV-364-A

SOLUTIONS FEDERAL CREDIT
UNION, et al.,

                Defendants.

---

       The plaintiffs, Sarah Archbold and Donald W. Marvin, bring this action pursuant to the Court's federal-question jurisdiction, 28 U.S.C. § 1331, for damages and financial penalties under the Electronic Fund Transfer Act, 15 U.S.C. § 1693, *et seq.* ("EFTA").  Plaintiffs allege that the defendants, Solutions Federal Credit Union ("Solutions") and unknown participants Does 1-10, violated the EFTA by charging plaintiffs $1.50 on three occasions to use an automated teller machine (the "ATM") without required notice.

       The action is before the Court on defendant Solutions' motion to dismiss plaintiff Archbold's and Marvin's amended complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.  Defendant contends that a  "$1.50 Foreign Transaction Fee"  sign posted near the ATM was legally-sufficient notice of the fees plaintiffs were charged.

For the reasons stated below, the Court finds pursuant to Fed. R. Civ. P. 12(b)(6) that plaintiff Archbold's and Marvin's amended complaint states a claim that the exterior notice at defendant Solutions' ATM of a "$1.50 Foreign Transaction Fee" did not disclose the fees in the "readily understandable language" required by 12 C.F.R. § 205.16(c) and 15 U.S.C. §§ 1693c(a)(4), (10) and 1693b(d)(3)(B).  The Court therefore denies defendant's motion to dismiss the amended complaint for failure to state a claim.

In light of the Court's evaluation of the action on defendant Solutions' motion to dismiss, the Court also enters a schedule for filings pursuant to Fed. R. Civ. P. 56(f)(3) so that the Court may consider partial summary judgment as against each party.  A substantial narrowing of issues for discovery and trial may be possible.

## BACKGROUND

When addressing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b), the Court assumes well-pleaded factual allegations in a complaint are true.  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  On July 16, 2011, plaintiff Marvin withdrew $20 from an ATM operated by defendant Solutions located at 907 Broadway Street, Elmira, New York.  Amend. Compl. ¶¶ 24.  Although defendant charged plaintiff an "ATM Owner fee" of $1.50 for the withdrawal, defendant did not provide notice of a terminal usage fee on or near the exterior of the ATM.  *Id.* ¶¶ 26-27.  Instead, a sign near the ATM indicated there was a "$1.50 Foreign Transaction Fee."  *Id.* ¶¶ 27.

On February 11, 2012, plaintiffs Archbold and Marvin, at separate times, each

withdrew $20 from the same Solutions automated teller machine.  Amend. Compl. ¶¶ 28.  Again, the ATM charged the plaintiffs a $1.50 "ATM Owner fee" for the withdrawals.  *Id.* ¶¶ 30.  The ATM again had no exterior notice indicating a terminal usage fee might be incurred.  *Id.* ¶¶ 35.  The only exterior notice was for a "$1.50 Foreign Transaction Fee."  *Id.*

Plaintiffs Archbold and Marvin received notice of each "ATM Owner fee" because of the ATM's on-screen notice and paid the $1.50 fees when prompted to do so by the on-screen notice.  *See* Amend. Compl. ¶¶ 26, 30, 34,  Exs. 3 - 4, 5, 9.  Plaintiffs contend the external notice of fees referring to a "$1.50 Foreign Transaction Fee" was insufficient notice under the EFTA.  *Id.* ¶¶ 27, 31, 35.

Plaintiffs Archbold and Marvin seek $4,000 in actual damages in addition to a $1,000 statutory penalty for each of their three transactions using the Solutions automated teller machine.  Amend. Compl. p. 17.  Plaintiffs also seek costs and attorney's fees.  *Id.*  They filed their amended complaint and demand for a jury trial on May 29, 2012.

**DISCUSSION**

The "primary objective" of the Electronic Fund Transfer Act, 15 U.S.C. § 1693, *et seq.*, is to protect individual consumer rights by "provid[ing] a basic framework establishing the rights, liabilities, and responsibilities of participants in electronic fund and remittance transfer systems."  15 U.S.C. § 1693(b).  Among its consumer-protection provisions, the EFTA limits a consumer's liability for the

unauthorized use of an electronic fund transfer card, 15 U.S.C. § 1693g, prohibits the unsolicited issuance to a consumer of an electronic fund transfer card, 15 U.S.C. § 1693i, and requires that certain specific disclosures be made to consumers of the terms and conditions of electronic fund transfers and balance inquiries, 15 U.S.C. § 1693c.  *See generally*  12 C.F.R. Part 205  (Regulation E.)  The EFTA provides a private right of action for violations of the EFTA that includes recovery of actual damages, a mandatory-minimum statutory penalty of $100 and a maximum penalty of $1,000, costs, and attorney's fees.  15 U.S.C. § 1693m.

    **A.  Fee-Notice Requirements of the EFTA.**  The EFTA requires an automated teller machine operator to notify a consumer that a fee will be charged for an ATM transaction or a balance inquiry and to disclose the amount of the fee.  12 C.F.R § 205.16(b); *see* 15 U.S.C. § 1693b(d)(3)(A).  Two levels of notice are required and the consumer must be free to decide, after receiving the notices, whether to proceed to incur a terminal usage fee.  12 C.F.R § 205.16(c); *see* 15 U.S.C. § 1693b(d)(3)(B).  Specifically, 12 C.F.R. § 205.16(c) sets forth the two distinct forms of fee notice:

> (c) Notice requirement. To meet the requirements of paragraph (b) of this section [requiring notification of a terminal usage fee and the amount of the fee], an automated teller machine operator must comply with the following:
>
> > (1) On the machine. Post in a prominent and conspicuous location on or at the automated teller machine a notice that:
> >
> > > (i)   A fee will be imposed for providing

> electronic fund transfer services or for a balance inquiry; or
>
> (ii)   A fee may be imposed for providing electronic fund transfer services or for a balance inquiry, but the notice in this paragraph (c)(1)(ii) may be substituted for the notice in paragraph (c)(1)(i) only if there are circumstances under which a fee will not be imposed for such services; and
>
> (2)  Screen or paper notice.  Provide the notice required by paragraphs (b)(1) and (b)(2) of this section either by showing it on the screen of the automated teller machine or by providing it on paper, before the consumer is committed to paying a fee.

*Id.*  If an ATM operator does not comply with both notice requirements, no fee may be charged for an ATM transaction or balance inquiry.  12 C.F.R § 205.16(e); *see* 15 U.S.C. § 1693b(d)(3)(C).  Failure to comply with the notice requirements is a violation of the EFTA subject to strict liability, with limited affirmative defenses available.  *See e.g., Burns v. First American Bank,* 2006 WL 3754820 (N.D. Ill., Dec. 19, 2006); 15 U.S.C. §§ 1693h(c), (d), 1693m(d).

**B.  The Motion to Dismiss the Amended Complaint.**  Plaintiffs Archbold and Marvin allege defendant Solutions violated the external fee-notice requirements of the EFTA because there was "no clear and readily understandable notice posted on or at the ATM at issue disclosing that a transaction fee may be charged for using the machine."  Amend. Comp. at ¶ 36.  The only external notice indicated that a "$1.50 Foreign Transaction Fee" would be charged.  *Id.* at ¶ 35.  Plaintiff's were

charged a $1.50 "ATM Owner fee" for their three electronic fund transfers. *See id.* at ¶¶ 30, 34, 44.

Plaintiffs Archbold and Marvin allege that the "external signage [at the Solutions ATM] implies that a fee would be charged only for a transaction involving a non-U.S. bank" and, therefore, that no fee would be imposed for any other transaction, including transactions accessing domestic institutions. Amend. Comp. at ¶¶ 37-38. Plaintiffs allege that the defendant's "external notice create[d] confusion to potential customers" because "the external signage did not clearly and accurately disclose that the same [foreign transaction fee] would apply to all transactions." *Id.* at ¶¶ 38-39.

Defendant Solutions argues in support of its Fed. R. Civ. P. 12(b)(6) motion to dismiss plaintiff Archbold's and Marvin's amended complaint that defendant did provide the required notices, both at the ATM and on-screen before plaintiffs' three electronic fund transfers were processed. Defendant asserts that its "$1.50 Foreign Transaction Fee" sign met all the requirements of the EFTA. The defendant notes that the EFTA does not provide any "magic language' that must be contained in the [exterior] notices" and concludes that the term "foreign transaction' is a well-known term identifying a transaction that is not at the customer's bank."

The parties' contentions that the term "foreign transaction" is clearly defined in some contexts as a transaction accessing a foreign bank or currency, or is clearly defined in other contexts as a transaction out of a particular ATM network, are

beside the point.  Both parties overlook that the standard for disclosures which fee notices on Solutions' ATM must satisfy is stated in 15 U.S.C. §§ 1693c(a)(4), (10).  The notice that a fee will be incurred for an electronic fund transfer or a balance inquiry must be in "readily understandable language."  *Id.*

Section 205.16(b)(1) specifically requires that the exterior notice on an ATM " . . . must provide notice to a potential consumer that . . . a fee will be imposed for providing electronic fund transfer services or for a balance inquiry . . . ."  *Id.* (ellipses supplied)*;* 205.16(c)(1); *see also* 15 U.S.C. § 1693b (the implementing regulations are to govern).  Ultimately, the notice must satisfy 12 C.F.R. § 205.16(c) in the "readily understandable language" required by 15 U.S.C. § 1693c(a)(4) and (10).

After due consideration, the Court finds that defendant Solutions' "$1.50 Foreign Transaction Fee" sign was readily understandable to a potential consumer to mean that a fee would be charged for electronic fund transfers or balance inquiries involving non-U.S. financial institutions or currencies.  The sign was not as a matter of law readily understandable to a potential consumer to mean that a fee would be charged for an electronic fund transfer involving domestic financial institutions like the three alleged by plaintiffs Archbold and Marvin.  The Court therefore finds plaintiffs' allegations in their amended complaint "raise a right to relief above the speculative level," *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007), and denies defendant's Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted.

**C. Partial Summary Judgment.** Before the parties incur any additional expense, the Court will consider narrowing the issues for discovery and trial by entering partial summary judgment on its own pursuant to Fed. R. Civ. P. 56(f)(3) based upon the following facts, which appear to the Court likely to be undisputed:

> 1. Plaintiffs Archbold and Marvin intentionally incurred each ATM Owner Fee after having seen defendant Solutions' allegedly deficient external notice of a "$1.50 Foreign Transaction Fee" and on-screen notice of the ATM Owner Fee. No actual damages plaintiffs may have suffered were caused by the external notice at defendant's ATM.

By January 8, 2013, plaintiffs Archbold and Marvin shall file a memorandum addressing whether these facts are undisputed and shall show cause why the Court should not grant partial summary judgment against them pursuant to Fed. R. Civ. P. 56(e) on the ground that no actual damages may be awarded to them because they suffered no actual damages caused by the allegedly deficient external notice at Solutions' ATM. Defendant Solutions is not to file a response unless directed to do so by the Court.

> 2. Plaintiff's Archbold and Marvin engaged in three separate electronic fund transfers that are the subject of their amended complaint. They allege them in a single action.

By January 8, 2013, plaintiffs Archbold and Marvin shall file a memorandum addressing whether these facts are undisputed and shall show cause why the Court should not grant partial summary judgment against them pursuant to Fed. R. Civ. P. 56(e) on the ground that only one statutory mandatory-minimum penalty of $100, up to a statutory maximum penalty of $1,000, will be available to them in this action

pursuant to 15 U.S.C. § 1693m.  Defendant Solutions is not to file a response unless directed to do so by the Court.

> 3.  Solutions' external notice of a "$1.50 Foreign Transaction Fee" was readily understandable by a potential consumer to include a fee for electronic fund transfers or balance inquiries involving foreign financial institutions and foreign currency but not readily understandable to include a fee for domestic out-of-network electronic fund transfers in domestic currency.

By January 8, 2013, defendant Solutions shall file a memorandum addressing whether these facts are undisputed and shall show cause why the Court should not grant partial summary judgment against it pursuant to Fed. R. Civ. P. 56(e) on the ground that its external notice was not readily understandable by a consumer pursuant to 12 C.F.R. § 205.16(c) and 15 U.S.C. §§ 1693c(a)(4), (10) to include fees for domestic out-of-network electronic fund transfers in domestic currency.  Plaintiffs Archbold and Marvin are not to make a responsive filing unless directed to do so by the Court.

Counsel are directed to confer about a potential settlement of this action and to file a joint statement on or before December 17, 2012 whether they believe Court involvement in their settlement negotiations may help the parties reach a settlement. Leave to extend the parties' time to file memoranda in response to the Court's Rule 56(f)(3) notices for consideration of partial summary judgment shall be freely granted if the parties are able to report substantial progress toward a settlement.  Any offer of judgment pursuant to Fed. R. Civ. P. 68 that a party wishes to serve before the

January 8, 2013 filing deadlines shall be served on or before November 30, 2012.

## **CONCLUSION**

For the reasons stated above, defendant Solutions Federal Credit Union's motion to dismiss the amended complaint of plaintiffs Sarah Archbold and Donald W. Marvin pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted is denied. The parties are directed to file a joint statement on or before December 14, 2012 whether they believe Court involvement in their settlement negotiations may help them reach a settlement. The parties are directed to file memoranda on or before January 8, 2013 responding to the notices above that directed to them pursuant to Fed. R. Civ. P. 56(f)(3) that the Court is considering partial summary judgment. Any offer of judgment pursuant to Fed. R. Civ. P. 68 that a party wishes to serve before the January 8, 2013 filing deadlines shall be served on or before November 30, 2012.

**SO ORDERED.**

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: November 15, 2012